IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

EDWARD G. SHLIKAS,

    Plaintiff,

v.                         CIVIL NO.: WDQ-06-2106

SALLIE MAE, INC., *et al.*

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Edward Shlikas sued Arrow Financial Services, Pioneer Credit Recovery, Inc., Diversified Collection Services, Inc., (collectively "the remaining defendants"), and others for violating the Federal Fair Debt Collection Practices Act[1] ("FDCPA"). For the following reasons, the defendants' motion to determine costs will be granted.

I. Background

On August 11, 2006, Shlikas sued the United States Departments of Education and the Treasury, the Maryland Comptroller of the Treasury, Sallie Mae, Inc., Wells Fargo, Inc., United Student Aid Funds, Inc., and others, for violations of the FDCPA and other claims. ECF No. 1. By May 2009, summary judgment or dismissals had been awarded to all but the remaining defendants. See ECF Nos. 61, 191.

---

[1] 15 U.S.C. §§ 1692c, et seq. (2006).

On April 1, 2011, each of the remaining defendants offered to settle with Shlikas. ECF Nos. 233-35. On April 7, 2011, Shlikas accepted those offers. ECF Nos. 233-35 Attach. 1. Each defendant agreed that judgment for $1,001.00 would be entered against it, "plus assessable costs." ECF Nos. 233-35 at 1. The parties agreed to allow the Court to determine costs. ECF No. 231.

On June 1, 2011, Shlikas submitted a bill of costs for $20,399.88. ECF No. 236. Included was $16,870 for "labor" fees, i.e., Shlikas's estimation of the value of his time spent on the lawsuit. ECF No. 239 ¶26. The remaining $3,529.88 was for reimbursement of about 27 expenditures on office supplies,[2] 14 parking fees,[3] the cost of filing suit in this Court and the Circuit Court for Baltimore County, 46 expenditures for postage or faxes, and 60 expenditures for photocopies.[4] ECF No. 236.

---

[2] Including the cost of paper, pens, three calendars, a copy of the Fed. R. Civ. P., a storage container for litigation documents, and clips. ECF No. 236.

[3] Including the cost of parking "to do research re defendants." ECF No. 236.

[4] Shlikas also listed "copying, paper, and clips" as one expenditure, "envelopes and copies" as another, and the cost of two telephone calls to the defendants. ECF No. 236.

II. Discussion

   A.   Attorney's Fees

Under the FDCPA, the Court must award "a reasonable attorney's fee" to a successful plaintiff. 15 U.S.C. § 1692k(a)(3). However, pro se litigants are not entitled to attorney fees. *Goodman v. People's Bank*, 209 F. App'x 111, 114 (3rd Cir. 2006) (*citing Kay v. Ehrler*, 499 U.S. 432 (1991) (pro se litigants are not entitled to attorney fees under Civil Rights Attorney's Fees Awards Act)). As with other fee-shifting statutes, § 1692k(a)(3) aims to

> "enable potential plaintiffs to obtain the assistance of competent counsel in vindicating their rights" . . . an award of fees to only those litigants who have retained independent counsel ensures "the effective prosecution of meritorious claims."

*Bond v. Blum*, 317 F.3d 385, 399 (4th Cir. 2003) (*quoting Kay*, 499 U.S. at 435-37).

Shlikas's "labor" fees are attorney fees by another name, because Shlikas represented himself in this case. Paying him for his work on this case would undermine the purpose of fee-shifting statutes because, rather than encourage plaintiffs to retain counsel, it would reward Shlikas for failing to do so. *See Bond*, 317 F.3d at 399 (awarding fees only to litigants who obtain counsel promotes "effective prosecution of meritorious claims" (internal quotation marks omitted)). Shlikas is not

entitled to reimbursement for his "labor" on this case. *Goodman*, 209 F. App'x at 114.

B.   Other Costs

The FDCPA also requires the award of costs. 15 U.S.C. § 1692k(a)(3). "Costs," as used in cost-shifting statutes and rules, are limited to the expenses listed in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Mann v. Acclaim Fin. Servs., Inc.*, 348 F. Supp. 2d 923, 931 (S.D. Ohio 2004) (limiting recoverable costs in FDCPA proceeding to those listed in § 1920).

Section 1920 defines costs as:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessary to the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the cost of copies of materials necessarily obtained for use in the case;

(5) Docket fees; and

(6) Compensation of court appointed experts and interpreters, and salaries, fees, expenses, and costs of special interpretation services.

28 U.S.C. § 1920.

Expenses for postage and office overhead are not "costs" under § 1920. *See* Guidelines for Bills of Costs for the United

States District Court for the District of Maryland, § III (2010) [hereinafter "Guidelines"]. Copy costs are recoverable only if the copies are: (1) exhibits conventionally filed with the Clerk, (2) required courtesy copies for the judge, (3) documents that could not be filed in CM/ECF and were required to be served on the opposing party, and (4) documents conventionally served on the opposing party because the opposing party did not have a CM/ECF account. *Id.* at § II.H.1. No other costs may be ordered.[5]

Shlikas seeks $3,529.88 in "costs" including reimbursement for office supplies, parking fees, court filing fees, postage and faxes, long distance telephone calls, and photocopies. ECF No. 236.

The defendants concede that Shlikas is entitled to $350, the federal filing fee, but contend that § 1920 bars recovery of all the other costs he requests. ECF No. 231 at 2. They note that Shlikas has not "properly enumerate[d] the expenses individually attributable" to each defendant. *Id.*

Section 1920 does not authorize the recovery of expenditures for phone calls, parking, state court fees, postage, or office overhead, including office supplies. *See* 28

---

[5] *See U.S. Equal Employment Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600, 622 (11th Cir. 2000) ("[C]ourts can tax costs only with statutory authorization.").

5

U.S.C. § 1920; Guidelines, § III. Shlikas is not entitled to reimbursement of those expenditures.

With respect to Shlikas's photocopying expenses, only copies of exhibits filed conventionally with the Clerk, courtesy copies of filings for the judge, documents impossible to file on CM/ECF, and copies made because the *opposing* party lacks a CM/ECF account are recoverable costs. *See* Guidelines § II.H.1.

Shlikas lists four sets of expenses for "exhibits," but he notes that three of those were for "exhibits for defendants," not for filing with the Clerk. ECF No. 236. The fourth set of expenses was for "copying of exhibits and summons" two months after Shlikas filed his complaint and years before trial had been scheduled. *Compare* ECF No. 236 (on August 11, 2006, Shlikas filed his complaint, and on October 10, 2006 he spent $16.72 for copies of exhibits and summonses) *with* ECF No. 205 (noting, on October 7, 2009, that trial had been scheduled for April 12, 2010). Shlikas does not identify what exhibit he photocopied or contend that he filed it with the Clerk, and, given the early date of the expenditure, there is no reason to believe he did. Accordingly, Shlikas is not entitled to reimbursement of the expense of copying exhibits because none was filed with the Clerk.

Shlikas did not list any copies made as courtesy copies for the Court or made because they could not be filed on CM/ECF.

*See* ECF No. 236. Copies Shlikas served conventionally on the defendants were made because he did not have a CM/ECF account, not because the defendants lacked accounts. *See, e.g.,* ECF No. 231 (motion filed electronically by Rand Gelber, counsel for Arrow Financial, Pioneer Credit Recovery, and Diversified Collection Services). Accordingly, none of Shlikas's copying expenses is a "cost" under 28 U.S.C. § 1920 and the Guidelines.

Shlikas's only "cost" under 15 U.S.C. § 1692k(a)(3) is the federal filing fee. Costs will be taxed in the amount of $350 for Shlikas against Arrow Financial, Pioneer Credit Recovery, and Diversified Collection Services jointly and severally.

III. Conclusion

For the reasons stated above, the motion to determine costs will be granted. The defendants will pay $350 for Shlikas's costs.

11/15/11
Date

William D. Quarles, Jr.
United States District Judge